U. S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED 4-8-10
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL DOCKET NO. 10-050** |
| v. | * | SECTION: "L" (5) |
| **ALEJANDRO SOLIZ** | * | |

\* \* \*

## FACTUAL BASIS

The above-named defendant, **ALEJANDRO SOLIZ**, has agreed to plead guilty as charged to Count One of the Indictment now pending against him. Should this matter have proceeded to trial, the United States of America would have proven beyond a reasonable doubt, through the introduction of relevant, competent, and admissible testimonial, physical and demonstrative evidence, the following facts to support the allegation against the defendant, **ALEJANDRO SOLIZ** ("**SOLIZ**"):

Unless stated otherwise, all of the facts set forth herein occurred within the Eastern District of Louisiana.

On or about February 6, 2010, at approximately 10:00 p.m., a Louisiana State Police Trooper stopped a blue Peterbuilt tractor pulling an empty flatbed trailer bearing Texas license plate number

- 1 -

45724Z for a motor carrier safety inspection. The trooper stopped the tractor trailer on Interstate 12 eastbound at milepost 39, in Tangipahoa Parish, Louisiana. When the trooper approached the vehicle, he noticed that the driver of the vehicle, **SOLIZ**, was extremely nervous. The trooper asked **SOLIZ** why he was traveling empty and **SOLIZ** nervously responded that he was told to drive from Houston, Texas to Slidell, Louisiana and wait for a phone call telling him where to go and what to pick up. The trooper checked **SOLIZ's** log book and noticed that **SOLIZ** had not accounted for 38 ½ hours. The last entry in the book denoted that **SOLIZ** left Robstown, Texas at 7:45 a.m. the previous day.

Because of **SOLIZ's** nervous behavior and uncertain responses to the trooper's questions, the trooper asked for and obtained written consent to search the tractor and trailer. After additional troopers arrived on the scene, they searched the tractor. While inside the tractor, one of the troopers noticed the wall locker of the sleeper berth had several screws that were scratched or stripped. The trooper then looked over the wall locker and noticed a package wrapped in clear tape containing cocaine hydrochloride. Through a further search of the wall locker, the troopers found 23 similarly wrapped packages of cocaine hydrochloride. The troopers field tested the drugs which tested positive for the presence of cocaine hydrochloride.

Troopers placed **SOLIZ** under arrest, advised him of his Miranda rights and turned **SOLIZ** over to an agent from the Drug Enforcement Administration (DEA) who questioned **SOLIZ**. During questioning, **SOLIZ** informed the agent that on or about February 5, 2010, a Hispanic male approached him and asked him to transport cocaine hydrochloride from Laredo, Texas to Slidell, Louisiana. The man offered to pay **SOLIZ** $8,000.00 with $1,500.00 in advance for fuel and expenses. **SOLIZ** agreed to transport the cocaine. Later that day, **SOLIZ** met the man at a truck

stop in Laredo where the man loaded **SOLIZ's** truck with the cocaine and programmed his phone number into **SOLIZ's** cell phone. The next day, **SOLIZ** drove from Laredo toward Slidell in the truck containing the cocaine hydrochloride and was stopped by the trooper. While **SOLIZ** was en route to Slidell, the Hispanic male text messaged a phone number to **SOLIZ's** cell phone. The phone number was for the intended recipient of the cocaine in Slidell, Louisiana.

The seized drugs were analyzed at the DEA Laboratory by Forensic Chemist Xiu Liu. The drugs tested positive for the presence of cocaine hydrochloride and had a net weight of 22.7 kilograms.

_____   April 8, 2010
ANDRE' JONES                 (Date)
Assistant United States Attorney
LA Bar Roll No. 23502

_____   4-8-10
VALERIE WELZ JUSSELIN        (Date)
Attorney for Defendant
LA Bar Roll No. 19825

_____   4-8-10
ALEJANDRO SOLIZ              (Date)
Defendant